UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                          :
LUCIANO MORALES,                          :
                            Plaintiff,   :
                                                          :
          -against-                        :
                                                          :
                                                          :
CAROLYN W. COLVIN,                  :
                            Defendant.  :
                                                          :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/29/2015

13 Civ. 06844 (LGS)

**MEMORANDUM**
**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiff brought this action, seeking judicial review of a final decision of the Commissioner denying Plaintiff Supplemental Security Disability benefits under the Social Security Act. By Opinion and Order dated May 4, 2015, the Court adopted in its entirety the Report and Recommendation of Magistrate Judge Debra Freeman, recommending that Plaintiff's motion for judgment on the pleadings be granted in part and that Defendant's cross-motion be denied. Judgment was entered on May 5, 2015. Before the Court is Plaintiff's unopposed motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. For the following reasons, Plaintiff's motion is granted.

      In relevant part, the Equal Access to Justice Act (the "EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "This provision, by its terms, applies to suits . . . to review denials of Social Security benefits."  *Camilo v. Colvin*, No. 11 Civ. 1345, 2015 WL 3385734, at *2 (S.D.N.Y. May 26, 2015) (citing *Vincent v. Commissioner of Social Security*, 651 F.3d 299, 302-03 (2d Cir. 2011)).

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought."  28 U.S.C. § 2412(d)(1)(B).  "The Government . . . bears the burden of establishing that its position was 'substantially justified,'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007), "and a 'strong showing' must be made to meet that burden," *Envtl. Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983).  "The test for determining whether the government's position is substantially justified is 'essentially one of reasonableness.'"  *Watt*, 722 F.2d at 1085.

Plaintiff here is entitled to its attorneys' fees and costs, as the Government has not submitted any opposition to Plaintiff's motion or sought to establish substantial justification.  *See, e.g.*, *Camilo*, 2015 WL 3385734, at *2 (granting unopposed motion for EAJA attorneys' fees); *Barbour v. Astrue*, 950 F. Supp. 2d 480, 491-92 (E.D.N.Y. 2013) (same).

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Courts adjust the hourly cap of $125, imposed in March 1996, to the dollar equivalent at the time of the award.  *See Camilo*, 2015 WL 3385734, at *3.  Plaintiff's counsel avers that most of the work in this matter was performed in May 2014, when the Consumer Price Index for the Northeast Urban Region was calculated to be $253.598.  *See* Consumer Price Index

Detailed Report, May 2014, accessed at http://www.bls. gov/cpi/cpid1405.pdf (last accessed July 20, 2015). "District courts . . . determin[e] the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases)." *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). As the Consumer Price Index for the Northeast Urban Region was $162.80 in March 1996, the applicable adjusted hourly rate is $194.72 per hour in this matter. *See* Consumer Price Index Detailed Report, March 1996, accessed at http://www.bls.gov/news. release/history/cpi_041296.txt (last accessed July 20, 2015).

Plaintiff's counsel submitted contemporaneous documentation of the time spent on this case -- 31.80 hours in total -- as well as the costs incurred in this action -- $400 for the district court filing fee. Defendant does not object to these amounts, and the Court finds them to be reasonable. *See Santos v. Astrue*, 752 F. Supp. 2d 412, 417 (S.D.N.Y. 2010) ("The Court recognizes that many Social Security disability cases may require approximately twenty to forty attorney hours of work."). Plaintiff is entitled to recover $6,192.10 in attorneys' fees and $400.00 in costs under the EAJA.

Plaintiff's counsel also submitted a copy of a retainer agreement signed by Plaintiff, transferring and assigning Plaintiff's rights and interests in EAJA fees to Plaintiff's counsel. "There is no suggestion that plaintiff has any outstanding debt to the United States, and under these circumstances the Government has followed a policy of honoring such requests for direct awards." *Camilo*, 2015 WL 3385734, at *2 (citing *Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010)).

For these reasons, Plaintiff's motion is GRANTED.  It is ORDERED that the Clerk of Court enter judgment ordering that Defendant shall pay Plaintiff's counsel -- Law Offices of Harry J. Binder and Charles E. Binder, P.C. -- (1) attorneys' fees in the amount of $6,192.10, and (2) costs in the amount of $400.00, payable from the Department of Justice's Judgment Fund. The Clerk of Court is respectfully directed to close the motion at Docket No. 25.

SO ORDERED.

Dated: July 29, 2015
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**